Boota v. Sessions
BIA
Wright, IJ
A073 556 209

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand seventeen.

PRESENT:
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*
_____

MALIK BOOTA, AKA MOHAMMAD BOOFA, AKA MALIK MOHAMMAD, AKA ABDUL RAUF,
*Petitioner,*

v.                                          16-1933
                                            NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
*Respondent.*
_____

FOR PETITIONER:        Amy Nussbaum Gell, Gell & Gell, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Jesse Matthew Bless, Senior Litigation Counsel; Barbara Joan Leen, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Malik Boota, a native and citizen of Pakistan, seeks review of a May 19, 2016, decision of the BIA, affirming a February 26, 2015, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Malik Boota,* No. A073 556 209 (B.I.A. May 19, 2016), *aff'g* No. A073 556 209 (Immig. Ct. N.Y. City Feb. 26, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

For asylum applications like Boota's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "candor," and on inconsistencies in an applicant's statements and documentary evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the adverse credibility determination.

As an initial matter, Boota's concession that he provided false information in his 1995 application is sufficient, standing alone, to sustain the adverse credibility determination. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). In addition, the record reflects a number of inconsistencies and a lack of candor that further undermine

3

Boota's credibility. Accordingly, as we discern no error in the agency's adverse credibility determination, the petition for review is denied.

The agency reasonably relied on Boota's inconsistent testimony regarding his presence in the United States. Boota testified that he did not leave the United States between 1994 and 2002 after he lost his 1994 asylum case and was ordered excluded. However, his 1995 asylum application states that he entered the United States from Pakistan in January 1995. When confronted with this discrepancy, Boota testified to the date in the 1995 application, but asserted that he had destroyed the passport he entered on. This lack of evidence makes Boota unable to resolve the inconsistency. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency was not compelled to credit Boota's explanation that he forgot why he lied about his 1995 entry because it does not resolve any discrepancy. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal citation omitted)).

4

Boota's 1995 and 2009 applications were also inconsistent regarding the alleged harm in Pakistan: the 1995 application reflects two arrests in 1992 and 1994, but the 2009 application omits the arrests.  This inconsistency is compounded by Boota's own conflicting testimony, first that he was never arrested in any country other than the United States, but then that he stayed at a police station "once or twice" in Pakistan.  Boota argues that the inconsistencies regarding his arrests do not support an adverse credibility finding because of his lack of education and understanding of the term "arrest."  The agency was not required to accept this explanation. *Id*.  Moreover, Boota's testimony about arrests in October 1992 and June 1994 are contradicted by the fact that he was in exclusion proceedings in the United States from September 1992 until August 1994.

The adverse credibility determination is bolstered by the IJ's finding of a repeated lack of candor.  8 U.S.C. § 1158(b)(1)(B)(iii) (providing that an IJ can rely on "demeanor, candor, or responsiveness").  Boota admitted that he intentionally hid that he had previously been denied asylum and ordered excluded when applying for asylum in 1995 and, as reflected above, he continued to contradict himself at the hearing.

Given the multiple inconsistencies and Boota's lack of candor, it cannot be said "that no reasonable fact-finder could make such a credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Because all forms of relief (asylum, withholding of removal, and CAT) were based on the same factual predicate, the adverse credibility determination is dispositive of all three. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6